# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3659 • FACSIMILE: +1.212.755.7306

Direct Number: (949) 553-7516
javogt@jonesday.com

September 10, 2024

<u>VIA ECF</u>

Hon. Joseph A. Marutollo
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: *Sofer v. TransUnion, LLC, et al.*, No. 1:23-cv-04844-DLI-JAM (E.D.N.Y.)

Dear Judge Marutollo:

  Based upon the hearing today in which the Court expressed that the issues embraced within the pending sanctions motion are duplicative of those in the RICO case pending in the Central District of California, Defendant Experian Information Solutions, Inc. agrees to withdraw the pending sanctions motion without prejudice. Experian will seek relief against Stein Saks and the others involved in the scheme in the RICO matter.

  That being said, as explained in Experian's sanctions motion, and reiterated this morning during our conference call, this Court has inherent power to impose sanctions against Stein Saks and the attorneys involved in this case. Leaving aside the fake Cornerstone credit denial scheme that gave rise to this suit, the record before Your Honor is undisputed on the following other issues that independently beget the imposition of sanctions: (1) Stein Saks filed a lawsuit in this Court without the knowledge or consent of the Plaintiff; (2) Stein Saks served substantive interrogatory responses in a case pending in this Court without ever speaking to the Plaintiff; and, most egregious of all, (3) when their scheme was about to be exposed, Stein Saks attempted to dismiss this case with prejudice, without the knowledge or consent of the Plaintiff, to cover up their misconduct. When Plaintiff learned what Stein Saks had done, she terminated the law firm, whom she did not realize was even representing her in this case, as no lawyer from the firm had ever spoken to her. She then had to incur the expense of engaging new counsel to prepare and serve revised interrogatory responses, which corrected the inaccuracies in the set that Stein Saks had prepared, including the false representation that she was denied a mortgage with Cornerstone.[1]

  During our call this morning, the Court gave Stein Saks another chance to respond to these damning facts. In response, Stein Saks chose to stand on its defense—namely: That they were mere oversights on the part of the firm and its lawyers. The contention is not credible. The rules of ethics demand better. Experian will leave it to this Court to decide whether actions such as this,

---

[1] Plaintiff and her husband testified to these facts during their depositions, and Experian has submitted the transcripts in full as Exhibits 10 and 11 to its motion.

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

- 2 -

by attorneys practicing law before this Court, are worthy of redress under the Court's inherent power.

      We thank you for your consideration of this letter.

                            Respectfully submitted,

                            */s/ John A. Vogt*
                            John A. Vogt

                            *Counsel for Experian Information Solutions, Inc.*

cc:    All counsel of record (via ECF)